UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 17 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Robert Heard, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 17-2364 (UNA)
 )
 )
Donald J. Trump *et al.*, )
 )
    Defendants. )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, a resident of Gainesville, Georgia, has submitted a complaint against President Donald Trump, U.S. Attorney General Jeff Sessions, and presumably Georgia Governor Nathan Deal and United States District Judge Richard W. Story of the Northern District of Georgia. *See* Compl. Caption. The random statements comprising the prolix complaint fail to provide any notice of a claim and the basis of federal court jurisdiction. To the extent that plaintiff is seeking an "investigation of criminal behavior of any government official that is more than a class A & B misdemeanor," *see* Compl. at 3, the United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution. As a general rule applicable here, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995). Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: January 17, 2018

United States District Judge